ESTATE OF HERBERT G. LOWE, DECEASED, MALCOLM B. LOWE AND DONALD V. LOWE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89144. Promulgated July 19, 1938.

*Lawrence A. Baker, Esq.,* and *Stanley M. Moffat, Esq.,* for the petitioners.

*Frank T. Horner, Esq.,* for the respondent.

MURDOCK: The only question for decision in this proceeding is whether the transfer of June 30, 1931, was made in contemplation of death within the meaning of that term as used in section 302 (c) of the Revenue Act of 1926, as amended. The Commissioner has determined that it was made in contemplation of death and the petitioners had the burden of showing that it was not so made. The Supreme Court, in *United States* v. *Wells*, 283 U. S. 102, discussed at length the meaning of the term and said that the facts in each case must be carefully scrutinized to determine the dominant motive of the donor. If that dominant motive was one associated with life rather than with death, then section 302 (c) may not apply.

That test has been applied to the evidence in the case. It is quite clear that the decedent had conceived a plan of training his sons in his business and of having them take over that business when they had demonstrated their ability to manage and operate it. The plan originated long before 1931. It was consummated in the transfer of June 30, 1931. The provision for paying the income of the trust to the decedent's wife for her life was incidental to the main purpose of giving Donald immediate control of the corporation through the power to vote the stock and of making present provision for the ultimate division of the stock between the two sons.

There is some evidence to indicate that this disposition was in the nature of or a substitute for a testamentary disposition of a large part, if not the bulk, of the decedent's property to the natural objects of his bounty. However, the evidence preponderates at least slightly in favor of the view that the decedent wanted his son to have control at once, during the lifetime of the decedent, and wanted only to assure his wife of means during her life. If his wife had predeceased him, the sons would have come into full ownership of the shares during their father's lifetime. He intended to continue his interest and aid in the business. His health and activity somewhat negative any testamentary aspect. His sons were actually managing the business and had been for several years. He apparently thought that the time had come to reward them in accordance with his plan and agreement, so that during the remainder of his life he could see them in active control and aid them in their efforts to capably assume full control and eventually ownership of the business. As has been said, the evidence is not all one way, but it does preponderate slightly in favor of the petitioners' contention.

*Decision will be entered under Rule 50.*